By the Court.—Freedman, J.
Upon the trial it appeared, among other things, before plaintiffs rested, that after the commencement of the action, and after the recovery by default of the judgment of September 11, the plaintiffs sold and assigned said judgment to Mr. O’Conor, receiving full valué therefor, and that ever since that time the action was continued in point of fact for the benefit of said O’ Conor. This fact neither showed, nor did it tend to show, payment. The appellant then proved, by the testimony of his co-defendant Flannery, that after the recovery of the judgment by default against both defendants, the said Flannery conveyed certain property, and that, on the acceptance of the title thereto, the purchaser retained about one thousand five hundred dollars, as security for the payment of said judgment, but that he, the said Flannery, did not authorize the purchaser to pay the money so retained, or any part thereof, in satisfaction of the judgment. Although this testimony would not have authorized a verdict for Keyes on the ground of the the payment of the note by Flannery, the questions relating to such payment, and to the alleged existence of collusion between O’Conor and Flannery, were nevertheless submitted to the j ury under a charge to which the appellant took no exception, and determined by the jury against the appellant.
The only question, therefore, which is involved in the appeal, indeed, the only one raised by appellant’s points, arises upon the exception taken to the refusal of the court to dismiss the complaint. The motion for a dismissal was made on the ground that the original plaintiffs had parted with their interest, and that consequently they had no longer any right to carry on the *137 action. The assignment appears to have been absolute in fact. It transferred not only the judgment, but also the debt which had been merged in the judgment, and constituted the assignee the only party in interest. As such, the assignee had a right, when the judgment was opened and Keyes allowed to come in and defend, to carry on the suit in the name of the original plaintiffs. Section 121 of the Code expressly provides, that no action shall abate by the transfer of any interest, if the cause of action survive or continue, and that in case of any other transfer of interest except such as may arise from the death, marriage, or other disability of a party, the action shall be continued in the name of the original party, or the court may allow the person to whom the transfer is made, to be substituted in the action. This" section leaves it optional with the transferee to be made a party or not. If he does not apply for substitution, he may continue the action in the name of the original party.
The judgment should be affirmed, with costs.
Monell, Ch. J., concurred.